IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUSTAVO AGUILAR-GARCIA, <br> BOP Reg. # 58967-019, <br> Movant, | :: <br> :: <br> :: <br> :: | CIVIL ACTION NO. <br> 1:11-CV-1740-CC-LTW <br><br> CRIMINAL ACTION NO. |
| v. | :: <br> :: | 1:07-CR-123-CC-LTW-1 |
| UNITED STATES OF AMERICA, <br> Respondent. | :: <br> :: | MOTION TO VACATE <br> 28 U.S.C. § 2255 |

## ORDER

Movant Gustavo Aguilar-Garcia, pro se, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 351 in 1:07-CR-123-CC-LTW.) Movant has filed under seal a motion to seal his declaration and brief in support of his § 2255 motion. (Docs. 357-59.)

Movant contends that his declaration "contains extremely personal and confidential information related to his . . . criminal case . . . and contains references to his criminal case attorney and her obvious conflict of interest in the case" and should be sealed to ensure he "receives due process in his pending 28 U.S.C. 2255 motion." (Doc. 357.) In his § 2255 motion, which he filed on the publicly accessible docket, Movant identified the lawyer who represented him in his criminal case and the alleged conflict of interest arising out of the lawyer's association with an individual.

(Doc. 351 at 5.) Movant did not identify in his § 2255 motion the individual with whom his lawyer had associated. (*Id.*) In his sealed filings, Movant identified the individual by first name and job title and hinted that the individual may be, or may have been, the target of a criminal investigation. (Docs. 358-59.) The individual's identity appears to be the only information in Movant's sealed filings that could be the "extremely personal and confidential information" to which Movant refers.

The Court will allow Movant's declaration and brief in support of his § 2255 motion to remain under seal at this time because it is unclear whether public disclosure of the identity of the individual Movant identified in those filings would jeopardize legitimate privacy interests or any criminal investigation. However, the public has a general right to access court filings, and Movant has not shown that anything other than the individual's identity should be shielded in this case. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Unless Respondent seeks (and shows good cause) to maintain all of Movant's filings under seal, the Court will require Movant to file a redacted version of his sealed filings at a later time. Alternatively, if Respondent believes Movant's filings should not be sealed, it may move to unseal them.

Accordingly, Movant's motion to seal his declaration and brief in support of his § 2255 motion [357] is **GRANTED**. The Court **DIRECTS** the Clerk to unseal only document number 357, which is Movant's "Ex Parte Motion in Support of Proposed Order to Seal Declaration of Gustavo Aguilar-Garcia," and to leave document numbers 358 and 359 sealed. The Court further **DIRECTS** the Clerk to send a copy of Movant's sealed filings [358 & 359] to Respondent's counsel via certified mail, along with a copy of this Order.

The Court **DIRECTS** Respondent to file a response to Movant's § 2255 motion within thirty (30) days of the date this Order is entered. Until further Order of the Court, Movant and Respondent shall redact in all future filings the identity of the individual with whom Movant's lawyer allegedly associated, as referenced in Movant's sealed filings.

**SO ORDERED** this __8__ day of __July__, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE